# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JACQUELINE LEWIS-HENRY, *et al.*,
    *Plaintiffs*,

v.

CARS R US, LLC, *et al.*,
    *Defendants*.

No. 25-cv-544-ABA

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jacqueline Lewis-Henry and Shyhiem Miller have sued Defendants Cars R Us, LLC ("CRU"), Vernon Jamar Wilson, and Western Surety Company ("WSC") for federal statutory and state common law claims related to Plaintiffs' purchase of a used car from CRU. CRU and WSC have moved to dismiss. For the reasons below, the Court will grant both motions and dismiss the case.

## I.  BACKGROUND

Because the Court is faced with a motion to dismiss, it will assume the truth of the allegations as pled in Plaintiffs' complaint. On August 11, 2021, Plaintiff Lewis-Henry bought a used car from CRU. ECF No. 1 ¶ 7. Plaintiff Miller co-signed the vehicle purchase. *Id*. Lewis-Henry put $1,000 down, with a balance of $12,534.64 remaining to be paid later. *Id*. ¶ 8. CRU represented that the car was in good condition and that there was a 30-day warranty. *Id*. ¶ 9. Plaintiffs also purchased an extended warranty. *Id*.

The car did not last long. The "motor became inoperable" and was towed back to CRU within 5 days. *Id*. ¶¶ 11–12. CRU initially said that it would replace the motor but did not, and later denied Plaintiffs' requests for a refund. *Id*. ¶ 13. Plaintiffs also allege that CRU urged them to falsify the car's mileage and the date of the breakdown when

1

communicating with the extended warranty provider. *Id.* ¶ 14. Plaintiffs refused to do so, and the extended warranty provider declined to cover the repairs, saying that the car's mileage did not meet their eligibility requirements. *Id.* ¶ 15.

Plaintiffs sued CRU in the District Court for Caroline County, Maryland for breach of contract. Plaintiffs write in their complaint that the "case was subsequently appealed to the Circuit Court for Caroline County and closed in 2023." *Id.* at 22. This phrasing elides the fact that Plaintiffs lost in both courts. A review of the relevant dockets indicates that the District Court entered judgment in favor of CRU on September 6, 2022, and that the Circuit Court affirmed the judgment on appeal on February 9, 2023. *See Jacqueline Lewis-Henry, et al. v. CARS R US, LLC, et al.*, Case No. D-036-CV-22-007180 (District Court of Caroline County); Case No. C-05-CV-22-000134 (Circuit Court of Caroline County).

Apparently seeking a second bite at the apple, Plaintiffs sued in this Court bringing four claims. First, Plaintiffs allege that CRU violated the Federal Trade Commission's requirement that car dealers display a "buyer's guide" in compliance with 16 C.F.R. § 455. Second, Plaintiffs allege that both CRU and WSC "acted negligently" and "breached [their] obligations" under the "federally mandated surety bond" that WSC "issued and maintained . . . on behalf of" CRU. Third, Plaintiffs allege that CRU committed odometer fraud in violation of 49 U.S.C. § 32703. Fourth, Plaintiffs bring a count of general negligence against both CRU and WSC.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which

2

relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering such a motion, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

"A motion to dismiss based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the question of whether the court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). "When a defendant makes a facial challenge to subject matter jurisdiction, 'the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Thus, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id*.

### III.   DISCUSSION

Between both motions to dismiss, CRU and WSC have challenged all four counts. The Court will grant both motions.

At the outset, Plaintiffs' claims are likely barred by claim and/or issue preclusion considering their state court losses. *See Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d

156, 162 (4th Cir. 2008) ("[T]he elements of res judicata are: (1) that the parties in the present litigation are the same or in privity with the parties in the earlier dispute; (2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and (3) that there has been a final judgment on the merits. . . . The test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.") (quotations omitted); *see also* ECF No. 1 ¶ 25 (acknowledging that "some arguments may overlap with those presented in the state court"). Defendants did not raise preclusion in their motions. Because the issue was not briefed and Plaintiffs' claims still fail for the reasons Defendants *did* raise, the Court will not address preclusion.

Regarding Count I, the "buyer's guide" claim, Plaintiffs allege violations of 16 C.F.R. §§ 455.2 and 455.3 for failure to display various window warranties and forms. The regulations Plaintiffs cite were promulgated pursuant to 15 U.S.C. § 2309 and 15 U.S.C. §§ 41-58. Neither the statutes nor the regulations afford Plaintiffs a private right of action related to unfair practices in selling used cars. *See Marshall v. Classic Kia of Ellicott City*, No. 16-cv-1557-RDB, 2017 WL 359294, at *2 (D. Md. Jan. 25, 2017). Instead, "[t]he Rule[s] [are] designed to be enforced by the Federal Trade Commission once it learns about improper used vehicle sales." *Id*. Thus Count 1 does not state a claim on which relief can be granted.

Count II fails for the same reasons. Count II is titled "breach of surety bond contract." The precise nature of this claim is unclear from the complaint. Plaintiffs seem to allege that CRU and WSC breached obligations related to the FTC regulations cited in Count I. Plaintiffs appear to confirm this in their opposition to WSC's motion to dismiss,

writing "Plaintiffs' breach of surety bond claim, as pled in Count II, is grounded in violations of federal consumer protection regulations, specifically those established by the Federal Trade Commission (FTC). As such, the appropriate limitations period is governed by federal law." ECF No. 12 at 2. To the extent Count II seeks to enforce FTC consumer protection regulations, the claim fails for lack of a private right of action, as explained above. If Plaintiffs intended to plead some other type of claim via Count II, the Court is unable to determine what such a claim would be. Plaintiffs do not cite any other federal statute related to "breach of a surety bond contract" in the complaint or clearly outline any other cause of action.

Although there is a private right of action for violations of 49 U.S.C. § 32703, the odometer-tampering statute cited in Count III, Plaintiffs' claim is barred by the statute of limitations. A private party may bring an action for violation of section 32703 "not later than 2 years after the claim accrues." 49 U.S.C. § 32710. Plaintiffs discovered the car issues in August 2021 but sued in this Court on February 20, 2025, over three years later. Plaintiffs invoke the discovery rule, arguing that the statute of limitations should not run from the time of purchase in August 2021 because they were not yet aware of the potential odometer fraud. Plaintiffs are correct that the discovery rule can apply in odometer fraud cases. *See Alexander v. Se. Wholesale Corp.*, 978 F. Supp. 2d 615, 618 (E.D. Va. 2013) ("The cause of action does not accrue until the time that the Plaintiff 'discovered, or had failed in reasonable diligence to discover, the alleged deception.'") (quoting *Holmberg v. Armbrecht,* 327 U.S. 392, 397 (1946)). But even if Plaintiffs were not on notice of potential fraud upon purchase, they were aware shortly thereafter. Plaintiffs allege in their complaint that, upon returning the car for repairs in August 2021, CRU encouraged them to falsify odometer information. ECF No. 1 ¶ 14–15. What's

5

more, Plaintiffs investigated, initiated, and lost a lawsuit in state court all over two years before they filed their federal complaint. The Circuit Court affirmed judgment for CRU on February 9, 2023, as explained above. The statute of limitations has run on Plaintiffs' federal odometer fraud claim.

Count IV is a claim for negligence, a state law tort. Plaintiffs purported to bring their case only under the Court's federal question jurisdiction, not its diversity jurisdiction. *See* ECF No. 1 at 11. Courts may hear certain state claims related to federal claims via supplemental jurisdiction. 28 U.S.C. § 1367(a). But a district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[A] district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001); *see also Ramsay v. Sawyer Prop. Mgmt. of Maryland, LLC*, 948 F. Supp. 2d 525, 537 (D. Md. 2013), *aff'd*, 593 F. App'x 204 (4th Cir. 2014) ("[S]upplemental jurisdiction is a doctrine of discretion, and not a plaintiff's right."). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Morales v. Richardson*, 841 F. Supp. 2d 908, 914 (D. Md.), *aff'd*, 475 F. App'x 894 (4th Cir. 2012); *see also Gregory v. Otac, Inc.*, 247 F. Supp. 2d 764, 773 (D. Md. 2003) ("A majority of the courts which have considered the question have declined to exercise pendent jurisdiction over a state claim when the federal claims have been disposed of prior to a full trial on the merits."); 13D Fed. Prac. & Proc. Juris. § 3567.3 (3d ed.) ("As a general matter, a court will decline supplemental

jurisdiction if the underlying claims are dismissed before trial."). Here, the case is at an early stage, well before trial. The parties have not invested significant resources in litigating the case. Further, as explained above, Plaintiffs' state law negligence claims are likely barred by the preclusive effect of their losses in state court. Considering principles of fairness, judicial economy, and comity this Court will not exercise supplemental jurisdiction over the negligence claim.

Finally, in addition to CRU and WSC, Plaintiffs' complaint names a Mr. Vernon Jamar Wilson, Sr. as the third defendant. ECF No. 1 at 1. Mr. Wilson has not entered an appearance or responded to the complaint. But none of the complaint's allegations refer to Mr. Wilson's actions. Indeed, the complaint's only reference to Mr. Wilson is to state that he is CRU's resident agent. *Id.* ¶ 5. In other words, Plaintiffs have offered nothing to explain why Mr. Wilson is a defendant in this case. The reasons for dismissal described above apply equally to all claims against Mr. Wilson (though any claims against him would be subject to dismissal anyway for insufficient pleading under Rules 8 and 12).

## CONCLUSION AND ORDER

For the reasons stated above, the Court hereby ORDERS as follows:

1. Defendant CRU's motion to dismiss (ECF No. 7) is GRANTED;
2. Defendant WSC's motion to dismiss (ECF No. 9) is GRANTED;
3. Plaintiffs' motion for a hearing (ECF No. 13) is DENIED;
4. The case is DISMISSED and the Clerk of Court is directed to mark this case as CLOSED.

Date:  January 12, 2026

/s/
Adam B. Abelson
United States District Judge